UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ERICK GALDAMEZ LEON,

*Defendant.*

Case No. 20-cr-228 (LDH)

**DEFENDANT ERICK GALDAMEZ LEON'S OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE***

CRISTINA ALVAREZ, ESQ.
ELIZABETH E. MACEDONIO, ESQ.
CHRISTOPHER D. WRIGHT, ESQ.

*Counsel for Erick Galdamez Leon*

To: JOSEPH NOCELLA, JR.
United States Attorney Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
*Attn: Jonathan Siegel*
*Anna L. Karamigios*
*Stephen H. Petraeus*
*Assistant U.S. Attorneys*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1
ARGUMENT .......... 1
I. The Court Should Preclude Evidence of Uncharged Crimes .......... 1
II. The Court Preclude Evidence of Galdamez Leon's Arrest and Incarceration .......... 6
CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Cases**

*Bruton v. United States*, 391 U.S. 123 (1968) ........ 6
*Cantelmo v. United Airlines, Inc.*, 2019 WL 13147326 (E.D.N.Y. Sept. 30, 2019) ........ 3, 7
*Estelle v. Williams*, 425 U.S. 501 (1976) ........ 7
*United States v. Johnson*, 469 F. Supp. 3d 193 (S.D.N.Y. 2019) ........ 6
*United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) ........ 2
*United States v. Barret*, 2011 WL 6704862 (E.D.N.Y. Dec. 21, 2011) ........ 3, 7
*United States v. Brand*, 467 F.3d 179 (2d Cir. 2004) ........ 5
*United States v. Ferguson*, 246 F.3d 129 (2d Cir. 2001) ........ 5
*United States v. Hatfield*, 685 F. Supp. 2d 320 (E.D.N.Y. 2010) ........ 5
*United States v. Jones*, 2024 WL 2722307 (E.D.N.Y. May 28, 2024) ........ 5
*United States v. Konstantinovskiy*, 2024 WL 3360379 (E.D.N.Y. July 10, 2024) ........ 4
*United States v. Kurland*, 2022 WL 2669897 (E.D.N.Y. July 11, 2022) ........ 4
*United States v. McCallum,* 584 F.3d 471 (2d Cir. 2009) ........ 2, 8
*United States v. Riggi*, 541 F.3d 94 (2d Cir. 2008) ........ 6
*United States v. Smothers*, 652 F. Supp. 3d 271 (E.D.N.Y. 2023) ........ 4
*United States v. Townsend*, 2007 WL 1288597 (S.D.N.Y. May 1, 2007) ........ 2
*United States v. Ulbricht,* 79 F. Supp. 3d 466 (S.D.N.Y. 2015) ........ 2
*United States v. Zhong*, 26 F.4th 536 (2d Cir. 2022) ........ 4

**Statutes**

Fed. R. Evid. 403 ........ 1, 2, 5
Fed. R. Evid. 404(b) ........ 1, 2, 5

## PRELIMINARY STATEMENT

Defendant Erick Galdamez Leon respectfully submits this memorandum in opposition to the Government's *motion in limine*. The Government's motion indicates that it intends to introduce several lines of inflammatory, improper, and prejudicial evidence, without articulating a basis for how this evidence bears any relationship to the charged conduct. As detailed below, the Government anticipates introducing evidence concerning certain uncharged crimes and evidence relating to Galdamez Leon's arrest and incarceration at the MDC. Galdamez Leon moves to preclude the Government from taking these unfair steps to ensure a fair trial.

## ARGUMENT

### I. The Court Should Preclude Evidence of Uncharged Crimes

The Government moves to introduce evidence of uncharged crimes falling into two categories: (i) testimony from cooperating witnesses purportedly intended to prove the existence of MS-13 and its activities, as well as to prove possession of firearms relevant to Count Two, and (ii) evidence of an incident between FLS and the Latin Kings in Nassau County in 2021. The Court should reject the Government's efforts to introduce this highly prejudicial evidence either as direct evidence or under Rule 404(b), and because the evidence is inadmissible under Rule 403's balancing test.[1]

Evidence of uncharged conduct may be admitted as direct proof of the charged conduct rather than "other act" evidence under Rule 404(b) "if it arose out of the same transaction and or series of transactions as the charged offenses, if it is "inextricably intertwined with the evidence regarding the charged offense, or if it is "necessary to complete the story of the crime on trial."

[1] The parties have reached a stipulation concerning the Beaumont murders, and therefore, the Government's argument on this point is moot.

*United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). Evidence of other acts may be direct evidence of the charged conspiracy if the acts were committed "in furtherance of the conspiracy." *United States v. Townsend*, 2007 WL 1288597, at *1 (S.D.N.Y. May 1, 2007). "[W]here it is not manifestly clear that the [] evidence in question is intrinsic proof of the charged crime, the proper course of action is to proceed under Rule 404(b)." *Id.* (internal citations omitted).

Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," although it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404. In considering the admissibility of evidence pursuant to Rule 404(b), a court must consider whether the evidence is "offered for a proper purpose—that is, does it go to something other than the defendant's character or criminal propensity?"; whether the evidence is relevant; whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice; and whether the "court administered an appropriate limiting instruction." *United States v. Ulbricht,* 79 F. Supp. 3d 466, 479 (S.D.N.Y. 2015) (citing *United States v. McCallum,* 584 F.3d 471, 475 (2d Cir. 2009)).

Even when uncharged crimes constitute direct evidence or Rule 404(b) evidence, the uncharged crimes must still overcome Fed. R. Evid. 403's balancing test to be admissible. Thus, such evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

The Government proffers that it intends to introduce the following evidence concerning uncharged crimes: (i) testimony from cooperating witnesses about "violent crimes, including murders, that they committed in connection with their membership in MS-13," and (ii) evidence about "violent incidents between FLS and the Latin Kings in Nassau County in 2021." Gov. Mot. 3-4. The Court should reject the Government's motion because the proffered evidence is neither direct evidence of the charged offenses nor admissible under Rule 404(b), and because the proffered evidence is highly prejudicial and inadmissible under Rule 403.

*First*, the Government's vague and opaque proffer makes it impossible to discern the bounds of the testimony and evidence it will seek to introduce relating to uncharged crimes, and that deficiency alone is fatal to the Government's motion. *See, e.g.*, *United States v. Barret*, 2011 WL 6704862, at *8 (E.D.N.Y. Dec. 21, 2011) (denying motion to admit evidence of uncharged conduct where government failed to provide dates on which uncharged conduct occurred or evidence that the events underlying the uncharged conduct related to the conspiracy); *Cantelmo v. United Airlines, Inc.*, 2019 WL 13147326, at *7 (E.D.N.Y. Sept. 30, 2019) (A court "may deny motions in limine that are so vague that it cannot determine whether the disputed evidence would be inadmissible at trial"). Indeed, with respect to the testimony the Government seeks to elicit from cooperating witnesses, the Government has not named the cooperating witnesses, it has not specified the "violent crimes" (other than "murders") that any specific witness will be testifying about, nor has it provided any connection between those purportedly violent crimes and MS-13. The Government has likewise provided little to no detail about how it will introduce evidence concerning the violent incidents between FLS and the Latin Kings. For these reasons alone, the Court should deny the Government's motion to introduce such evidence.

*Second*, in light of the Government's barebones proffer, the Government has not conceivably met its burden to show that the uncharged crimes "arose out of the same transaction or series of transactions as the charged offense, [that they are] inextricably intertwined with the evidence regarding the charged offense, or [that they are] necessary to complete the story of the crime on trial." *United States v. Zhong*, 26 F.4th 536, 551 (2d Cir. 2022). In fact, the defense (and the Court) can do no more than speculate as to the potential relevance of the proffered testimony, and any connection it might have to the charged offenses. *United States v. Kurland*, No. 20-CR-306, 2022 WL 2669897, at *4–5 (E.D.N.Y. July 11, 2022) (rejecting Government's argument that unrelated transactions were "inextricably intertwined" where they "involve[d] different parties and different types of transactions"); *United States v. Konstantinovskiy*, 2024 WL 3360379 (E.D.N.Y. July 10, 2024) (same).

Moreover, because the Government has not identified with any specificity the evidence of uncharged crimes it seeks to admit, the Court should disregard the Government's proffered rationale for seeking its admission. The Government contends that it should be permitted to introduce evidence of uncharged crimes to "prove the enterprise and its activities through evidence . . . that tells the story of MS-13." Gov. Mot. At 6. To be sure, Government has certain latitude in cases like this one, involving RICO conspiracies, to admit evidence relating to the existence of the racketeering enterprise. *United States v. Smothers*, 652 F. Supp. 3d 271, 298 (E.D.N.Y. 2023). But the Government is not given a carte blanche. Rather, the Government must still carry its burden to show that the uncharged conduct was conducted in furtherance of the racketeering conspiracy's goals, even when the uncharged conduct is carried out by a member of the enterprise. *See United States v. Johnson*, 469 F. Supp. 3d 193, 206 (S.D.N.Y. 2019) (denying motion to admit evidence of uncharged shooting in a RICO case where the Government failed to proffer evidence that the

shooting arose from the enterprise's criminal activities, rather than from a personal dispute). And the Government has entirely failed to do so here.

*Third*, the evidence of uncharged conduct is also inadmissible under Rule 404(b). The Government has not proffered a proper purpose for this evidence under Rule 404(b). Nor has the Government explained, particularity with respect to the cooperator testimony, a "similarity or some connection" between the other acts evidence and the charged offenses. Fed. Rule. Evid. 404(b); *United States v. Brand*, 467 F.3d 179, 197 (2d Cir. 2006) (noting that there must be a "similarity or some connection" between the other act evidence and the charged offense to "permit the jury to reasonable draw from that act the knowledge inference advocated by the proposed of the evidence").

*Finally*, even if evidence concerning uncharged crimes is admissible as direct evidence or under Rule 404(b), it must still be excluded under Rule 403's balancing test because its "probative value is substantially outweighed by danger of unfair prejudice." Fed. R. Evid. 403. As one recent court has recognized, "there are few crimes with more potential to enflame the jury's emotion than murder . . . and the 'sheer number of additional incidents that the [G]overnment seeks to introduce' heightens the prejudicial effect of such evidence. *United States v. Jones*, 2024 WL 2722307, at *4-5 (E.D.N.Y. May 28, 2024). And because the Government will present evidence of the "charged murder[], there is a risk that the inclusion of" additional uncharged murders or crimes "[will be] unfairly prejudicial and cumulative." *Id*. "Indeed, the Indictment itself refutes the Government's 'inextricably intertwined' claims, as it tells a compelling, complete, and detailed story," *id.* (quoting *United States v. Hatfield*, 685 F. Supp. 2d 320, 323 (E.D.N.Y. 2010), without any mention of these uncharged crimes. And, here, a limiting instruction cannot cure the

overwhelming prejudicial effects of admitting the proposed evidence. *See Bruton v. United States*, 391 U.S. 123 (1968); *United States v. Riggi*, 541 F.3d 94 (2d Cir. 2008).

## II. The Court Preclude Evidence of Galdamez Leon's Arrest and Incarceration

The Government moves to present evidence about Galdamez Leon's arrest and his incarceration in the MS-13 unit at the MDC on the basis that such evidence is admissible as direct evidence. The Court should exclude this evidence because the Government has not shown that it is direct evidence of the charged offenses, and it is inadmissible under Rule 403.

The Government has not shown that the proffered evidence is direct evidence of the charged offenses. For one, the evidence that the Government seeks to admit concerning Galdamez Leon's arrest and incarceration post-date the charged crimes, and Government has not proffered any evidence that this after-the-fact-evidence "arose out of the same transaction or series of transactions as the charged offense, . . . [or] is inextricably intertwined with the evidence regarding the charged offense, or . . . is necessary to complete the story of the crime[s]'" for which a defendant is on trial. *Johnson*, 469 F. Supp. 3d at 204; *Jones*, 2024 WL 2722307, at *4-5 (noting that the probative value of "later incidents to the methods, motives, and existence of [an enterprise] is lessened, while the prejudice compounds from each additional uncharged crime introduced into evidence"). Nor has the Government shown that this evidence was committed in furtherance of the racketeering enterprise, such that it is admissible. *Johnson*, 469 F. Supp. 3d at 205 (excluding evidence of incident when "there appear[ed] to be no connection between this incident and the charged conspiracies, and it [was] not apparent how the conduct of [the defendant] and his associate furthered the charged conspiracies"). Moreover, the Government has again failed to articulate with any specificity the precise bounds of the evidence it seeks to introduce concerning Galdamez Leon's incarceration. Among other things, the Government claims that it "may offer

portion of certain co-defendants' Bureau of Prisons call lists and call logs to prove other individuals' contact information," and that "certain witnesses" will testify to "events that took place on the MS-13 unit." Gov. Mot. 6. Without more, this cursory proffer is insufficient. *See Barret*, 2011 WL 6704862, at *8; *Cantelmo*, 2019 WL 13147326, at *7. Based on the foregoing, this evidence should be excluded.

Even if the Government could show that this evidence is admissible as direct evidence (which it cannot), the evidence is nonetheless inadmissible under Rule 403 because its probative value "is substantially outweighed by a danger of [] unfair prejudice," Fed. R. Evid. 403. The Government's efforts to introduce extensive evidence about Galdamez Leon's arrest and incarceration risks eroding his presumption of innocence before the jury. *See Estelle v. Williams*, 425 U.S. 501, 504-05 (1976) (finding that a defendant's use of prison clothing during trial presented an "unacceptable risk" and warned that courts "must be alert to factors that may undermine the fairness of the fact finding process . . . [and] carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt."); *United States v. McCallum*, 584 F.3d 471, 478 (2d Cir. 2009) ("evidence of prior convictions merits particularly searching, conscientious scrutiny. Such evidence easily lends itself to generalized reasoning about a defendant's criminal propensity and thereby undermines the presumption of innocence."). This is particularly true where, as here, the Government seeks to introduce evidence concerning Galdamez Leon's incarceration in the MS-13 unit, specifically. Such evidence would leave no doubt for the jury that the Bureau of Prisons (or some other governmental authority) has already deemed Galdamez Leon to be a member of MS-13. Such evidence is therefore "propensity

evidence in sheep's clothing," and should not be admitted, even with a curative instruction. *McCallum*, 584 F.3d at 476.[2]

## CONCLUSION

For the foregoing reasons, the Court should deny the Government's motion *in limine* seeking admission of evidence relating to uncharged crimes and evidence relating to Galdamez Leon's arrest and incarceration.

Dated: August 31, 2026
New York, NY

[2] The Government's motion in limine raises a number of other issues: Point III: a request that the parties refer to the prior trial in this case as a "prior proceeding"; Point IV: the preclusion of evidence and argument concerning possible punishment and collateral consequences; Point V: authentication of business records, public records, and electronic records pursuant to Fed. R. Evid. 902(11) and (13); Point VI: defense disclosure of Rule 16(b) discovery, trial exhibits, Rule 26.2 material, and demonstratives for use in opening statements; and Point VII: a request that the Court decline to issue Rule 17 subpoenas that seek information about witnesses for impeachment purposes only. We respond to each of these points in turn. At present, the defense does not object to Points III and IV. The defense does not anticipate objecting to the authentication of records and documents outlined in Point V, provided that the Government produces a proper certification, identifies the particular records at issue, and properly establishes the relevancy of each record. The defense does not object to the schedule for production outlined in Part VI. With respect to Point VII, the defense requests that the Court issue Rule 17 subpoenas, and make such subpoena returns returnable, in accordance with relevant precedent in the Second Circuit.

Respectfully submitted,

Cristina Alvarez, Esq.
Bloch & White LLP
90 Broad Street, Suite 703
New York, NY 10004
calvarez@blochwhite.com
(212) 901-3820

Elizabeth E. Macedonio, Esq.
52 Duane Street, 7th Floor
New York, NY 10007
emacedonio@yahoo.com
(917) 533-5965

Christopher D. Wright
Wright Law Firm
100 Pearl Street, Suite 1801
New York, NY 10004
wrightlawnyc@gmail.com
(212) 822-1419